IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DANNY LOCKRIDGE and KILA LOCKRIDGE,** : : : | |
| **Plaintiffs,** : : | **CIVIL ACTION FILE NO.** |
| v. : | **1:18-cv-04694-ODE-AJB** |
| : | |
| **ROBERT JEROME KEYS, JR., and BRANDON SIDNEY BOYD,** : : : | |
| **Defendants.** : | |

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

This matter is presently before the Court on an application to proceed *in forma pauperis* ("IFP") filed by Defendants Robert Jerome Keys, Jr., and Brandon Sidney Boyd. [Doc. 1]. For the reasons set forth below, the undersigned **GRANTS** the request to proceed IFP **for these proceedings only**, but **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Henry County, Georgia.

*I.   Introduction*

On or about September 17, 2018, Plaintiffs Danny Lockridge and Kila Lockridge filed a dispossessory action against Defendants for the property located at 310 Burnt

AO 72A
(Rev.8/82)

Oak Ln., Jackson, Georgia 30233 (the "Property").[1] [*See* Doc. 1-1 at 4]. Defendants, proceeding pro se, then removed the case to this Court, filing a notice of removal and an IFP application. [Doc. 1; Doc. 1-1]. While Defendants' notice of removal is not entirely clear, they appear to seek to remove the case on the basis of federal-question jurisdiction and diversity-of-citizenship jurisdiction. [*See* Doc. 1-1 (suggesting that removal is proper because "[t]he Respondent did violate 15 USC 1692 [and] Rule 60 of the Federal Rules of Civil Procedure" and had "a legal duty to abort eviction pursuant to O.C.G.A. 51-1-6" and because the dispossessory action "is in violation of the 14th Amendment of the U.S. Constitution with respect to Due Process of Law")]. The undersigned first turns to Defendants' request to proceed IFP before examining whether the state-court case may properly be removed to federal court.

## II.   Discussion

### A.   IFP Application

The Court may authorize the commencement of an action without prepayment of fees if the claimant "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

---

[1]   The Magistrate Court of Henry County, Georgia, assigned the matter Case No. 2018-4532CD. [Doc. 1-1 at 4].

28 U.S.C. § 1915(a)(1).  "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

"When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.' " *Id.* at 1307 (alteration in original) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).[2]  "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 Fed. Appx. 916, 917 (11th Cir. Sept. 9, 2014).

Once the Court finds that the affidavit is "sufficient on its face to demonstrate economic eligibility," the Court should "then proceed to the question . . . of whether the asserted claim is frivolous." *Martinez,* 364 F.3d at 1307 (alteration in original)

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

(quoting *Watson*, 525 F.2d at 891). "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). "For purposes of § 1915(e)(2)(B)(i), an action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (internal quotation omitted).

An action only has legal merit in the federal court if it falls within the court's limited subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see generally* U.S. Const. art. III § 1. Accordingly, if an action does not fall within the Court's subject-matter jurisdiction, it is frivolous under § 1915(e)(2)(B)(i) and thus warrants dismissal of both the action itself and the accompanying IFP application. *See Davis v. Ryan Oaks Apartment*, 357 Fed. Appx. 237, 238 (11th Cir. Dec. 17, 2009) (affirming the district court's decision to vacate its order granting IFP because the court was "authorized, indeed compelled, to dismiss the case once it realized that subject-matter jurisdiction did not exist"). Moreover, whether or not a party has filed an IFP application with its action, the Court is obligated to consider sua sponte whether a claim falls within its subject-matter jurisdiction and dismiss the claim if it finds subject-matter jurisdiction to be lacking. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

4

The Court finds Defendants' affidavit to be of limited use in determining whether they satisfy the poverty requirement. While Defendants both signed the application and affidavit filed in support, they state only generally that they receive $1,800 in monthly employment income and do not indicate whether they both are employed or state their individual employment histories. They also fail to report the amounts they hold in cash or bank accounts, and while they state that they own a 2014 Hyundai Elantra SE Limited, they do not disclose its estimated value. Lacking a completed application, the Court cannot compare Defendants' assets and liabilities in order to determine whether they satisfy the poverty requirement. However, the Court may "look beyond the [litigant]'s application to proceed *in forma pauperis* to determine his financial condition." *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982). The nature of the suit indicates that Defendants are behind in their housing payments and are at immediate risk of losing their home. On this basis, the Court **GRANTS** Defendants' IFP application **for these proceedings only**.

### B.   *Jurisdictional Review*

Because the undersigned has determined that Defendants have satisfied the § 1915(a) poverty requirement and may proceed IFP, the Court shall now perform a § 1915(e)(2)(B)(i) frivolity review of Defendants' removal action. [*See* Doc. 1-1]. A

5

case can only be removed from state to federal court if the federal court has original jurisdiction over the matter in controversy. *See* 28 U.S.C. § 1441(a). The federal court has subject-matter jurisdiction over civil actions on the basis of either diversity jurisdiction or federal-question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

The undersigned now considers whether Defendants have carried their burden of proving that the Court has either diversity jurisdiction or federal-question jurisdiction over Plaintiffs' dispossessory proceeding.

### 1. *Diversity Jurisdiction*

Under 28 U.S.C. § 1332, the district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The dispossessory action filed against Defendants satisfies neither the

amount-in-controversy requirement, nor the diversity-of-citizenship requirement of § 1332. Thus, § 1332 does not grant the Court jurisdiction over this case.

First, Defendants have failed to demonstrate that the matter in controversy exceeds $75,000. A dispossessory proceeding is a dispute over the limited right to possession, and not a dispute over ownership. *Novastar Mortg., Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001) (Pannell, J.) *aff'd*, 35 Fed. Appx. 858 (11th Cir. Apr. 16, 2002). Thus, "[t]he amount claimed by the plaintiff cannot be measured by the value of the underlying land." *Id*. Defendants have neither argued, nor provided any information indicating, that the value of their right to possession of the Property exceeds $75,000.

Second, Plaintiffs' and Defendants' citizenship bars Defendants from removing this case to federal court. Where jurisdiction is predicated on diversity of citizenship, all plaintiffs must be diverse from all defendants. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999). Defendants, however, concede that all of the parties are citizens of this state. [Doc. 1-2].

Defendants' citizenship alone also bars them from removing this case to federal court. A defendant may not remove a case from state to federal court "if any of the parties in interest properly joined and served as defendants is a citizen of the State in

which such action is brought." 28 U.S.C. § 1441. Defendants admit that they are citizens of Georgia, the state in which the dispossessory proceeding was filed. [*See* Doc. 1-2].

For these reasons, the Court cannot find that the dispossessory proceeding satisfies either the amount-in-controversy requirement or the diversity-of-citizenship requirement. Accordingly, § 1332 does not grant the Court original jurisdiction over this case.

### 2. Federal-Question Jurisdiction

Under 28 U.S.C. § 1331, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] suit 'arises under' federal law for § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].' " *Vaden v. Discover Bank*, 556 U.S. 49, 50 (2009) (alteration in original) (quoting *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "[A]n anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a Defendant may not remove a case to federal court on

AO 72A
(Rev.8/82)

[a federal question] basis, even though a possible defense might involve a federal question."). Nor may a counterclaim serve as the basis for federal-question jurisdiction. *Vaden*, 556 U.S. at 56 (federal jurisdiction cannot be predicated on an actual or anticipated defense or counterclaim); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998). The removing defendant bears the burden of proving that a federal question exists. *See Friedman v. New York Life Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendants seem to assert that the Court may hear Plaintiffs' dispossessory proceeding on the basis of federal-question jurisdiction, but they fail to identify any federal law upon which Plaintiffs' claim is based. [*See generally* Doc. 1-1]. Indeed, there is no indication that Plaintiffs' complaint is based on anything more than a state-law claim for possession of the Property, back rent, late charges, and associated costs and fees. [*See* Doc. 1-1]; *see also Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (Batten, J.) (holding that a dispossessory action did not fall under federal jurisdiction because it was "exclusively a matter of state law"). Thus, Plaintiffs' complaint does not present a federal question.

9

Accordingly, the undersigned finds that § 1331 does not grant the Court original jurisdiction over the dispossessory action against Defendants.

### III.  Conclusion

For the reasons above, the Court **GRANTS** Defendants' application to proceed IFP **for these proceedings only**, but **RECOMMENDS** that this case be **REMANDED** to the Magistrate Court of Henry County, Georgia.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this 16th day of October, 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)